IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. __0:22-cv-777__ ) |
| v. | ) ) |
| | ) **COMPLAINT** ) |
| NORTH MEMORIAL HEALTH, | ) **Jury Trial Demanded** ) |
| Defendant. | ) ) ) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Kaylah Vogt ("Vogt") who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that North Memorial Health ("Defendant") discriminated against Vogt when it failed to hire her because of her disability and failed to provide a reasonable accommodation in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which

1

incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1).

4. At all relevant times, Defendant North Memorial Health, has continuously been a Minnesota corporation doing business in the State of Minnesota and the City of Robbinsdale. Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Kaylah Vogt filed a charge with the EEOC alleging violations of the ADA by Defendant.

8. On September 27, 2021, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Vogt in violation of the ADA by failing to hire her because of her disability and failing to provide her with a reasonable accommodation. The Letter of Determination invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC and on October 6, 2021, the EEOC issued Defendant a Notice of Failure of Conciliation for Vogt's charge.

11. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant is a health care provider that operates two hospitals and 26 specialty and primary care clinics, urgent and emergency care facilities and medical transportation services throughout the Twin Cities (Minneapolis and St. Paul) metropolitan area.

13. On or about July 21, 2020, Defendant engaged in unlawful employment practices at its facilities in Minnesota in violation of Section 102(a), 42 U.S.C. § 12112.

14. Vogt applied for a greeter position with Defendant on July 21, 2020.

15. The job description for the greeter position included greeting visitors, applying COVID-19 masking standards and policies, giving directions, and keeping the area tidy and welcoming.

    a. Greeters had a script that they would read from and questions they would ask patients and visitors about COVID-19 symptoms.

    b. Greeters also had access to a corresponding poster board with images showing COVID-19 symptoms which they could point to in order to ask if individuals had experienced any of the symptoms.

16. Defendant had authority and control over the greeter's work. For instance, Defendant:

    a. determined and set the greeter's schedule;

    b. directed and assigned the greeter's work and day-to-day duties;

    c. provided the workplace and materials to perform the greeter job;

    d. assigned where the greeter worked at Defendant's facility;

    e. supervised how the greeter performed the job; and

    f. controlled the decision to hire, fire and discipline the greeter.

17. Vogt was qualified for the greeter position and could perform the essential functions of the job.

18. Vogt is a qualified individual with a disability under the ADA, 42 U.S.C. §

12102(1)(A); 42 U.S.C. § 12111(8). Vogt is deaf. She is substantially limited in the major life activity of hearing. 42 U.S.C. § 12102(2).

19. Vogt wears hearing aids. With the hearing aids she can hear people speaking without any difficulty. Vogt can communicate verbally. She can also communicate with American Sign Language (ASL).

20. Vogt was interviewed by a recruiter from a recruiting firm that had advertised the greeter position for Defendant. A manager of the recruiting firm also contacted Vogt and interviewed her for the position. Vogt told the recruiting manager that she was deaf and/or hearing impaired. The recruiting manager told Vogt that she would need to discuss this with Defendant. Vogt told the recruiter that she could perform the greeter job.

21. On July 21, 2020, the recruiting manager contacted Defendant's manager who supervised the greeter position and informed him about Vogt's application and her disability.

22. The recruiting manager inquired with Defendant's manager if Vogt could be hired and/or accommodated.

23. A few days later, Defendant's manager replied to the recruiting manager that Defendant will not be able to move forward with Vogt's application.

24. The recruiting manager contacted Vogt and informed her that she would not be hired as a greeter for Defendant.

25. The effect of the practices complained of in paragraphs 13-24 above, has been to deprive Vogt of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

26. The unlawful employment practices complained of in paragraphs 13-24 above were and are intentional.

27. The unlawful employment practices complained of in paragraphs 13-24 above were done with malice or reckless indifference to the federally protected rights of Vogt.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against an employee based on the employee's disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Vogt by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 13-24 above.

D. Order Defendant to make whole Vogt by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-24 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E.  Order Defendant to make whole Vogt by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-24 above, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of in paragraphs 13-24 above, in amounts to be determined at trial.

F.  Order Defendant to pay Vogt punitive damages for its malicious and reckless conduct, as described in paragraphs 13-24 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>Christopher Lage
>Deputy General Counsel
>Equal Employment Opportunity Commission
>131 M Street, N.E., 5th Floor
>Washington, D.C.  20507
>
>/s/ Gregory Gochanour
>Gregory Gochanour
>Regional Attorney
>Equal Employment Opportunity Commission
>Chicago District Office
>230 South Dearborn Street
>Chicago, IL 60604
>Email: gregory.gochanour@eeoc.gov

/s/ Deborah Hamilton
Deborah Hamilton
Supervisory Trial Attorney
Equal Employment Opportunity Commission
Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: deborah.hamilton@eeoc.gov


/s/ Tina Burnside
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney
Equal Employment Opportunity Commission
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 552-7319
Facsimile: (612) 335-4044
Email: tina.burnside@eeoc.gov


/s/ Adrienne L. Kaufman
Adrienne L. Kaufman (No. 0397523)
Trial Attorney
Equal Employment Opportunity Commission
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 552-7315
Facsimile: (612) 335-4044
Email: adrienne.kaufman@eeoc.gov