UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Case No. 22-cv-0777 (NEB/TNL)<br>) |
| and | )<br>) **CONSENT DECREE** |
| KAYLAH VOGT, | )<br>) |
| Plaintiff-Intervenor | )<br>) |
| v. | )<br>) |
| NORTH MEMORIAL HEALTH, | )<br>) |
| Defendant. | )<br>) |

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a Complaint against Defendant North Memorial Health ("Defendant"), *EEOC v. North Memorial Health*, Civil Action No. 22-cv-0777 (NEB/TNL), alleging that Defendant discriminated against Kaylah Vogt when it failed to hire her because of her disability and failed to provide a reasonable accommodation in violation of Section 102(a) of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12112, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA").

Plaintiff-Intervenor Kaylah Vogt filed a Complaint against Defendant alleging that Defendant failed to hire her because of her disability and failed to provide a reasonable

1

accommodation in violation of the ADA and the Minnesota Human Rights Act.

Defendant answered the EEOC's Complaint and Vogt's Complaint denying all violations of the law.

In reaching this Consent Decree, the EEOC, Plaintiff-Intervenor, and Defendant, acting by and through their counsel, engaged in negotiations and an exchange of information. The parties have obtained sufficient information to assess reliably the relative merits of the claims and defenses. Throughout this process, EEOC, Plaintiff-Intervenor, and Defendant were represented by counsel knowledgeable in this area of the law.

THEREFORE, upon the consent of the parties, and upon review by the Court of these terms, it is ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

## I.     JURISDICTION

**A.** This Court has jurisdiction over the parties and the subject matter of this action.

**B.** This Court shall retain jurisdiction of this action during the duration of this Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief and enforcing compliance with the terms provided herein.

## II.    FINDINGS

**A.** The purposes of the ADA and the public interest will be furthered by the

entry of this Decree.

  **B.**  The terms of this Decree constitute a fair and equitable settlement of this action.

**III. SCOPE**

  The EEOC agrees that it will not bring any further claim against Defendant based on the charge of discrimination filed by Kaylah Vogt underlying this lawsuit. By entering into this Decree, the parties do not intend to resolve any other charges of discrimination currently pending before the EEOC other than the charge that created the procedural foundation for the Complaint in this case, and the EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation.  Defendant reserves all of its rights, denials, and defenses in connection with any other charge or investigation.

**IV. DEFINITIONS**

  As used herein, "North Memorial Health," shall mean Defendant's hospital business located in Robbinsdale, MN.

**V. TERM**

  The Term of this Decree and all obligations hereunder shall be two (2) years from the Effective Date hereof. The Effective Date hereof shall be the date that the District Court approves this Consent Decree.

**VI. INJUNCTION**

  North Memorial Health and its officers, agents, management (including supervisory employees), successors, and assigns shall not, itself or acting in concert with

others, in violation of the ADA, fail to hire an individual because of his or her disability or fail to provide a reasonable accommodation to such individual.

North Memorial Health, and its officers, agents, management (including supervisory employees), successors, and assigns shall not, itself or in concert with others, engage in retaliation against any person because such person opposed any practice made unlawful under the ADA; filed a Charge of Discrimination under the ADA; testified or participated in any manner in any investigation, proceeding, or hearing under the ADA; or asserted any rights under this Decree.  This includes Kaylah Vogt for any future positions that she may apply for in the future at North Memorial Health.

### VII.   POLICIES AND TRAINING

A.   Within sixty (60) days after the Effective Date hereof, North Memorial Health will review its workplace policies relating to disability discrimination and reasonable accommodations and revise any policies inconsistent with the ADA.

B.   North Memorial Health will revise its policies to state that it will apply its disability anti-discrimination and reasonable accommodation policies to applicants and employees who are hired to work at North Memorial Health through a staffing firm or employment agency. If a request for accommodation is made by an applicant or employee who is being hired or placed to work at North Memorial by a staffing firm or employment agency, and the request is communicated to North Memorial Health, its policies will state that North Memorial Health will engage in the interactive process under the ADA to determine whether it can provide a reasonable accommodation. The accommodation request does not need to be formal or state specifically that it is a request

for reasonable accommodation, but only needs to provide North Memorial Health with information that the individual has an impairment and desires or may need an accommodation. North Memorial Health's policies will state that a reasonable accommodation will be provided to a qualified individual with a disability (regardless of whether they are working for North Memorial Health directly or through a temporary agency) unless doing so would result in an undue hardship or direct threat.

      C.      Defendant will include in all new contracts with staffing firms or employment agencies that provide contract or temporary employees to work at North Memorial Health a provision stating that North Memorial Health will engage in the interactive process under the ADA when it is informed by the staffing firm or employment agency that an applicant or employee has requested an accommodation. The provision will also state that North Memorial will provide a reasonable accommodation to qualified individuals with a disability unless doing so would result in an undue hardship or direct threat. With regard to existing contracts, North Memorial Health will provide notice to the staffing firm or employment agency that it expects to be provided notice by the staffing firm if a request for an accommodation is made by applicants or employees, that it will engage in the interactive process regarding those requests, and that it will provide reasonable accommodation to qualified individuals with a disability unless doing so would result in an undue hardship or direct threat. North Memorial Health will provide to the EEOC a copy of any such contract provision agreed to or any notice sent and a list of all staffing firms or employment agencies that it has entered new contracts with or sent this notice to. North Memorial Health will provide this information to the

5

EEOC each time it enters a new covered contract or sends a notice related to an existing contract during the duration of this Consent Decree.

  D. On an annual basis for the term of this Consent Decree, North Memorial Health will train the following on the ADA's provisions prohibiting discrimination: its Talent Acquisition team, Human Resources team, Team Member Health, and the supervisors in these areas. The training may also include information about other laws prohibiting discrimination in the workplace and about North Memorial's equal employment opportunity policies. The training may be provided (1) by a live, in-person trainer or (2) computer module, video, online, or other non-live method with a required post-test to verify each individual's knowledge and understanding of the training. An agenda for the training, training materials, and resumes relating to the presenters (as applicable) will be provided to the EEOC at least 30 days before each training session. The EEOC will have the opportunity to comment on the agenda and suggest changes in the presenters, the agenda, and the materials until a week before each training. The first annual training shall total no less than one hour.  Each subsequent training shall total no less than one hour, which may be presented in a one-hour session, or as two thirty-minute training sessions. The EEOC shall be notified of the time and date of each scheduled training.

  E. North Memorial Health will adjust its annual training for its non-management employees on their rights as employees to be free from discrimination under the ADA. Such training shall advise them of their right to file charges of discrimination with the EEOC or other fair employment practices agencies.

F.  At the beginning of each training session or non-live training held under this Decree, a management representative from the Talent Acquisition Team, Human Resources team, or Team Member Health, designated by North Memorial Health will introduce the training and affirm that Defendant takes its obligations under all EEO laws and prohibitions seriously or state the same in a pre-recorded or written message.

## VIII. POSTING TO EMPLOYEES

A.  Defendant will post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in all its facilities.

B.  North Memorial Health will post the Notice attached as **Exhibit A** at its hospital facility in Robbinsdale, MN. **Exhibit A** will be posted in locations where notices for employees are generally posted and shall remain in place for the term of this Decree. Defendant shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.

## IX. RECORDKEEPING AND REPORTING

A.  Defendant will comply with all recordkeeping obligations under the laws prohibiting discrimination as outlined in 29 C.F.R. §1602. Defendant will review and, as necessary, revise any document retention policies, human resources policies, or employee materials to comply with the record-keeping requirements under Title VII.

B.  On an annual basis during the term of this Decree, North Memorial Health shall submit to the EEOC a certification of compliance with this Decree, including that it has reviewed its workplace policies, revised any policies inconsistent with the ADA, and it has conducted the training of its personnel as required by this Decree. After the first

report to the EEOC, North Memorial Health's subsequent annual reports shall document any further revisions or changes to its workplace policies and describe how such revisions are consistent with the ADA.

  C. During the term of this Consent Decree, North Memorial Health shall document, collect, and maintain information sufficient to provide the EEOC with reports every six months, listing all complaints, written or verbal, of disability discrimination involving the failure to hire made during that reporting period and received by North Memorial's Compliance Hotline, Talent Acquisition, Human Resources, Team Member Health, or a staffing firm contracted by North Memorial Health to do hiring or provide employees for North Memorial Health (so long as that staffing agency communicates any complaint it receives to North Memorial accordingly). Such information and reports shall include the following: (1) the date of the complaint; (2) the name of the complaining party; (3) the name and job title of the person who received the complaint; (4) a detailed description of the facts alleged by the complainant; (5) details of the investigation conducted by Defendant of the complaint; and (6) a description of what action, if any, Defendant took in response to the complaint.

  D. During the term of this Consent Decree, North Memorial Health shall document, collect, and maintain information sufficient to provide the EEOC with reports every six months, listing all requests for reasonable accommodation based on a disability made by an applicant for employment and received by North Memorial's Compliance Hotline, Talent Acquisition, Human Resources, Team Member Health, or staffing firm contracted by North Memorial Health to do hiring or provide employees for North

Memorial Health (so long as that staffing agency communicates any complaint it receives to North Memorial accordingly). Such information and reports shall include the following regarding each request for accommodation: (1) the name and job title of the person who requested the accommodation; (2) details about the accommodation request, including the accommodation that was requested; (3) the date the accommodation request was made; (4) the names and job titles of North Memorial Health employees or agents and any staffing agency contact who were involved in reviewing and making a decision about the accommodation request; and (6) whether the accommodation was granted or denied. If the accommodation was denied, state the reasons for the denial. For both provisions C and D, Defendant shall make the underlying documents or records available to the EEOC within ten days upon a request by the EEOC.

**X.    MONETARY REMEDY**

    A    Defendant agrees to pay $180,000.00 to Kaylah Vogt in resolution of this matter. The monetary settlement includes: $43,936.80 for back pay; $75,000.00 for compensatory damages; and $61,063.20 for attorney's fees. These payments will be issued as set forth in the separate Settlement Agreement and General Release between Vogt and North Memorial (i.e., 30 days after the execution of this Consent Decree provided that the listed conditions have been satisfied).

    B.    Defendant agrees that the receipt of monetary relief shall not be conditioned on the agreement of Vogt to: (a) maintain as confidential the facts and/or allegations underlying the charge, her complaints, or the terms of this Decree; (b) waive any statutory rights to file any future charge with any governmental agency; (c) refrain from

reapplying for a job with Defendant or any successor of Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

      C.     Defendant will provide Vogt with appropriate income tax documentation. For purposes of this settlement, Defendant will provide Vogt a W-2 income tax form for back pay. Defendant will make all appropriate withholdings and employer tax contributions applicable to the back pay amount. Defendant will provide Vogt with a 1099 tax form for compensatory damages and attorney's fees.

      D.     Defendant will provide the EEOC with a copy of the checks and any related correspondence provided to Vogt.

## XI. NOTIFICATION OF SUCCESSORS

The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of North Memorial Health. Defendant and any successors of it shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with it, or any successor, prior to the effectiveness of any such asset sale, acquisition, or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

## XII. DISPUTE RESOLUTION

The EEOC will give Defendant ten (10) business days' notice of any alleged non-compliance with the terms of the Decree before initiating enforcement actions under this Decree. If Defendant has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may

apply to the Court for appropriate relief. The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief.

## XIII. COMPLIANCE REVIEW

The EEOC may review Defendant's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Defendant's attorney of record at least five (5) business days in advance of any inspection of Defendant's documents or premises, except that EEOC may visit the premises to determine compliance with the posting requirement without notice. Upon such notice, Defendant will allow representatives of the EEOC to review its compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, and interviewing management officials on its premises upon prior notice to Defendant's counsel of record, who will have the right to be present during any such interview.

## XIV. COSTS AND ATTORNEY FEES

The EEOC and Defendant shall each bear their own costs and attorney's fees. Kaylah Vogt shall pay her attorney's fees from the monetary settlement as indicated in Section XI. Monetary Remedy.

**By the Court:**

**IT IS SO ORDERED.**

Dated: January 12, 2023

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge

The parties jointly request that the Court approve and enter this Consent Decree.

This 4th day of January, 2023.   ATTORNEYS FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Gwendolyn Young Reams
Acting General Counsel
131 M. Street NE, 5th Floor
Washington, D.C. 20507


/s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney


/s/ Deborah Hamilton
Deborah Hamilton
Assistant Regional Attorney
Chicago District Office
230 South Dearborn Street, Suite 2920
Chicago, IL 60604
Telephone: (312) 872-9671
Email: deborah.hamilton@eeoc.gov


/s/ Tina Burnside
Tina Burnside (WI #1026965)
Senior Trial Attorney
EEOC - Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN  55401
Telephone: (612) 552-7319
Email: tina.burnside@eeoc.gov


/s/ Adrienne L. Kaufman
Adrienne L. Kaufman (No. 0397523)

Trial Attorney
EEOC - Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Telephone: (612) 552-7315
Email: adrienne.kaufman@eeoc.gov

ATTORNEYS FOR PLAINTIFF-INTERVENOR
KAYLAH VOGT

/s/ Tyler W. Brennan
Tyler W. Brennan
Tyler W. Brennan Law, LLC
323 N. Washington Ave. #200
Minneapolis, MN 55401
Telephone: (612) 351-0084
Email: tyler@tylerwbrennanlaw.com

ATTORNEYS FOR DEFENDANT NORTH
MEMORIAL HEALTH

/s/ Kendra D. Simmons
Kendra D. Simmons
Brian T. Benkstein
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Email: ksimmons@fredlaw.com
Email: bbenkstein@fredlaw.com

13

**[North Memorial Health Letterhead]**

# EXHIBIT A

# NOTICE TO EMPLOYEES

This Notice is posted pursuant to a Consent Decree resolving a lawsuit with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC brought suit against North Memorial Health, alleging that it discriminated against a former applicant by failing to hire her because of her disability and failing to provide a reasonable accommodation in violation of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008. North Memorial answered, denying all violations of the law.

The Consent Decree resolving this lawsuit provides a monetary settlement of $180,000.00 to Kaylah Vogt. The Decree requires training for Defendant's personnel on federal laws prohibiting discrimination based on disability and mandates regular reporting to the EEOC.

If you have a question about the Consent Decree, you should contact the Minneapolis office of the EEOC at (612) 552-7334. You can find out more about the EEOC and the laws that it enforces by going to http://www.eeoc.gov.

_____
[Name and title of person signing]
North Memorial Health